UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS WISEMAN,                              Case No.  08-11879

               Plaintiff,

v.                                           District Judge Bernard A. Friedman
                                             Magistrate Judge R.  Steven Whalen

UNITED DISTRIBUTIVE WORKS
COUNCIL 30 AND AWREY BAKERIES,
LLC,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are February 1, 2011 cross motions for summary judgment by Defendant Awrey Bakeries ("Awrey") [Dock. #52], and Plaintiff Douglas Wiseman ("Plaintiff") [Dock. #53]. Both motions have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons set forth below, I recommend that Defendant's motion be GRANTED, dismissing the case WITH PREJUDICE.  I recommend further that Plaintiff's motion be DENIED.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Douglas Wiseman filed suit on May 2, 2009, alleging violations of the Family and Medical Leave Act of 1993, 29 U.S.C. ¶2601, *et seq*. ("FMLA") and breach of contract by his former employer Awrey and a breach of duty of fair representation by his former union United Distributive Works Council 30 ("UDW").  Parties stipulated to the dismissal of UDW and the breach of contract claims on October 8, 2010.  *Dock. #47.*

Plaintiff's Amended Complaint, filed October 14, 2009, makes the following factual allegations as to the remaining FMLA claims.  Plaintiff, employed by Awrey between 1993 and July

24, 2007, alleges that on June 19, 2007, he suffered an injury qualifying him for medical leave under the FMLA. *Amended Complaint* at ¶¶4, 17.  On July 24, 2007, Awrey discharged him on the basis that he had not fulfilled the requirements for an FMLA leave. *Id.* at ¶18.  Plaintiff alleges however, that he qualified for an FMLA leave, noting that he had worked for the company for more than 12 months and had worked more than 1,250 hours; provided "sufficient and proper" notice of his leave; and not exhausted his eligibility for twelve weeks leave at the time of the injury. *Id.* at  ¶¶19-21. He alleges that Awrey discharged him to prevent him from asserting his rights to FMLA leave. *Id.* at ¶22.  He requests damages for loss of employment, lost past and future wages, and loss of earning potential as well as exemplary damages and attorneys' fees. *Id.* at ¶10.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.   ANALYSIS

#### A.  Plaintiff's Account

 Plaintiff's account of the events, taken in the most favorable light, is summarized as follows. He relies in large part on his own summary judgment arguments in responding to Defendant's position, *see Dock. #58* (citing *Dock. #53*).  Upon sustaining the June 18, 2007 workplace injury, he notified supervisor Brenda Gonzalez who in turn informed Lorraine Whitfield, Awrey's Director of Human Resources ("Whitfield").  *Plaintiff's Brief* at 3, *Dock. #53, Exhibit 4,* Plaintiff's Dep. I at 118-119, *Exhibit 3,* Whitfield Dep. at 27.  Plaintiff contends that he satisfied the notice requirement to qualify for FMLA leave by filling out an injury report the following day which included the time, place, and nature of the injury.  *Id.*  The same day, he told Whitfield directly that he was unable to work.  *Id.*   On June 20, 2007, he was examined by Dr. James Bragman, his personal physician.  *Id.* at 4.  Plaintiff notes that on Friday, June 22, 2007, he telephoned Janet Lewis, Awrey's Benefits Manager ("Lewis"),  leaving a voice mail message.  *Id.*  The same day, Lewis prepared correspondence to Plaintiff, demanding "satisfactory reasons" for the absences on June 20, 21, and 22.  *Id., Exhibit 8.*

The following Monday,  Plaintiff telephoned Whitman, informing her that he had seen a doctor and that he had a note regarding the absences.  *Id.* at 4-5, *Exhibit 3,* Whitman Dep. at 33-34. Whitfield acknowledged the conversation, sending additional correspondence to Plaintiff the following day (June 26, 2007) requesting "satisfactory" medical documentation to explain the

-3-

absences and setting a deadline of June 29, for delivery of the documentation to Awrey.  *Id.* at 5*, Exhibit 7.*  On June 29, 2007, Plaintiff hand-delivered a note from Dr. Bragman to Whitfield which stated only that Plaintiff had been under his care since June 20, 2007 and would be off work until July 3, 2007.  *Id., Exhibit 9.*  The note, containing an illegible signature, did not give any reason for the absences or state what condition precluded work. *Id.*  Whitman, telling Plaintiff directly that she required further documentation, sent a second letter to Plaintiff the same day, informing him that 1). the "documentation" provided was unsatisfactory 2). the company needed "satisfactory documentation" by July 5, 2007, and 3). the failure to provide more detailed information could result in his termination.  *Id.* at 6, *Exhibit 10.*

Plaintiff saw Dr. Bragman on July 3, 2007 at which time he asked the physician for  more detailed information to pass on to Awrey.  *Id.* at 7.  On July 5, 2007, Plaintiff left a voicemail message for Whitfield at 4:57 p.m., informing her that he had seen Dr. Bragman and had requested more detailed information from the physician.  *Id., Exhibit 3,* Whitfield Dep. at 62-63, *Exhibit 12.* The following day, Plaintiff informed Whitfield that Dr. Bragman was in the process of assembling a report.  *Id., Exhibit 12.*  He contacted Whitfield once again on July 9 to inform her that Dr. Bragman would be unable to complete his report before July 13, 2007.  The same day, Whitfield changed Plaintiff's status to "unpaid personal leave" pending the receipt of the requested information.  *Id.*

On July 16, 2007, Plaintiff once again contacted Whitfield, telling her that Dr. Bragman needed to revise the report.  *Id., Exhibit 13.*  Whitfield informed him that he needed to submit the documentation by Friday July 20, 2007, warning him that his cooperation was "vital to determining [his] status with the company." *Id.*   As of July 20, Plaintiff had not submitted additional

documentation.  On July 23, 2007, Plaintiff faxed a letter by Dr. Bragman to Whitman.  *Id.* at 8, *Exhibit 14.*  The letter, dated July 6, states that Plaintiff experienced a bulging disc at L4-L5 and would be off work until July17, 2007.  *Id.*  The letter states further that upon returning to work, Plaintiff would be limited to lifting 15 to 20 pounds.  *Id.*  Plaintiff was terminated on July 24, 2007 for failing "to advise the Company and give satisfactory reasons to the Company for absences since 6/20/07.  *Id.* at 9, *Exhibit 17.*

### B.  Applicable Law

"The FMLA entitles qualifying employees to take up to twelve weeks of unpaid leave, without fear of termination, when the leave is taken for . . . 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 446 (6th Cir. 2007)(*citing* 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1)). "A 'serious health condition' is 'an illness, injury, impairment, or physical or mental condition that involves . . . inpatient care in a hospital, hospice, or residential medical care facility; or . . . .continuing treatment by a health care provider." *Id.* (*citing* 29 U.S.C. § 2611(11)).  "An employee need not specifically mention the FMLA when taking leave; all the employee must do is notify the employer that FMLA-qualifying leave is needed." *Chandler v. Specialty Tires of America (Tenn.), Inc.,* 283 F.3d 818, 825 (6th Cir.2002); 29 C.F.R. § 825.303(b).  The employee may receive "one block of leave of twelve weeks or fewer" or "intermittent leave, which is 'taken in separate periods of time due to a single illness or injury . . . and may include leave of periods from an hour or more to several weeks'" *Hoffman v. Professional Med Team*, 394 F.3d 414, 418 (6th Cir. 2005)(*citing* 29 U.S.C. §§ 2612(a)(1), 2611(9); 29 C.F.R. §§ 825.800).

A  plaintiff can  recover for violations of his FMLA rights under the "interference theory" (29 U.S.C. § 2615(a)(1)) and/or the "retaliation theory." *Hoffman,* at 418 (*citing*  29 U.S.C. § 2615(a)(1)(2)).[1]  Under 29 U.S.C. § 2615(a)(1), an employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" guaranteed by the Act.  In establishing an interference claim, "a plaintiff must demonstrate the following:

> "(1) [he/]she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled."

*Killian v. Yorozu Automotive Tennessee, Inc*., 454 F.3d 549, 556 (6th Cir. 2006)(*citing Walton v. Ford Motor Co.,* 424 F.3d 481, 485 (6th Cir.2005)).

### C.  Plaintiff Cannot Establish a Prima Facie Case of Interference

Defendant contends that the FMLA interference claim should be dismissed, arguing specifically that Plaintiff was terminated "after being absent from work for 34 days without providing timely and sufficient notice of any need for FMLA leave."  *Defendant's Brief* at 1. Defendant asserts that Plaintiff was terminated under the terms of the collective bargaining agreement ("CBA") after being on "no call/no show" status "for three consecutive days on two occasions without providing satisfactory reasons for those absences."  Defendant states that Plaintiff "repeatedly rebuffed . . . efforts to obtain satisfactory medical documentation and information explaining his status" until July 23, 2007 when he faxed a July 6, 2007 doctor's note stating that he should remain off work until July 17, 2007.  *Id.* at 1, 11.  Defendant also argues that Plaintiff did not

---

[1]Plaintiff does not allege that he was terminated in retaliation for asserting his rights under the FMLA.  The same facts showing that Defendant is entitled to judgment as a matter of law also demonstrate legitimate, non-pretextual reasons for Plaintiff's termination.

experience a severe health condition, contending that during the period in question, he was able to drive, perform activities of daily living, and move to another home.  *Id.* at 1.

As an initial matter, Plaintiff's claim hinges on the argument that his communication with Whitfield was sufficient to preserve his entitlement to FMLA leave.  Although Whitfield disputes that Plaintiff's communication at any point suggested that he was asserting his entitlement to FMLA leave, verbal notification, at least initially, that he was unable to work would have been sufficient to preserve his entitlement.  *Chandler, supra,* 283 F.3d at 825.  In an abundance of fairness, the Court will assume that 1). he experienced a medical condition warranting leave time and 2). his communication with various Awrey supervisors placed Defendant on notice that he was applying for an FMLA leave.

The claim is nonetheless unavailing.  29 U.S.C. § 2613 permits an employer to request medical certification of the serious medical condition justifying leave, requiring the employee to provide "in a timely manner," (b)(1) the beginning date of the condition (2) its "probable duration," and (3) "the appropriate medical facts within the knowledge of the health care provider regarding the condition."  *See also Brenneman v. MedCentral Health System*, 366 F.3d 412, 422 (6th Cir. 2004)(citing 29 U.S.C. § 2613(a))("Once an employer receives sufficient notice that the eligible employee is requesting leave for a FMLA-qualifying reason," the "employer  may require the eligible employee to provide, in a timely manner, certification by a health care provider")(internal citations omitted).[2]

---

[2] To survive summary judgment, the Court would be required to accept all of the following contentions as plausible:  1). Plaintiff (a former union president and self-admitted FMLA "generalist," *see Defendant's Exhibit 19,* Plaintiff's Dep. I at 23-24, 80-81) made a *de facto* request for FMLA leave by merely reporting that he was injured and would be seeing a doctor, 2). Defendant interpreted his statement that he was injured and would be seeing a doctor as a request FMLA leave, and 3).  Plaintiff was not required to produce timely proof of his

Plaintiff asserts that Whitfield's June 29, 2007 request for additional documentation did not explain "in any clear fashion" what information was required. *Plaintiff's Brief* at 15. Even assuming that Defendant's June 22, 2007 request did not state that a "medical certification" would be required, Plaintiff was certainly aware that the June 29, 2007 note stating only that he had been under a doctor's care since June 20, with nothing more, was inadequate to justify either FMLA or non-FMLA leave time. His position that he was unaware of the documentation required for establishing entitlement to FMLA leave is belied by his multiple previous requests for FMLA leave and the fact that a recent, April, 2007 request for FMLA leave was denied because he had failed to submit the required healthcare certification within the 15-day period prescribed by the regulations. *Defendant's Exhibit 19,* Lewis Decl. at ¶6; 29 C.F.R. § 825.305. Further, the fact that a medical certification had been requested three months earlier would have allowed Whitfield make the June, 2007 request informally, rather than in writing. *See Ridings v. Riverside Medical Center* 537 F.3d 755, 767 (6th Cir. 2008); 29 C.F.R. § 825.301(b)(1)(ii)("The notice for an initial medical certification must be in writing, unless the employee has been provided with written copies of the employer's FMLA policies within the past six months; subsequent requests for certification can be made orally"). Moreover, Plaintiff (a former union president) was aware that  the CBA dictating the terms of his employment required "a return to work authorization" for absences of two days or longer from a treating physician stating "the dates of treatment, diagnosis," and the employee's "ability to return to work." *Defendant's Exhibit 19,* Decl. of Whitfield, at ¶6.

---

condition because Whitfield did not use the words "medical certification" when asking him for proof of  inability to work.

As discussed below, even conceding the first two prongs, Plaintiff cannot show that a question of fact exists as to the third prong.  Moreover, Plaintiff has not made a particularly strong showing as to either of the first two prongs.

Plaintiff's own rendition of events further undermines the claim that he was not given sufficient notice of the need for medical documentation justifying his absences. For example, he clearly interpreted the June 22, 2007 request for "satisfactory reasons" for his absence as a demand for medical confirmation of his condition, evidenced by the fact that he informed Whitfield on the next business day that he had seen a doctor and would be producing a note. *Plaintiff's Brief* at 4-5. While Plaintiff did deliver a "note" before the June 29, 2007 deadline, the note merely states that Plaintiff had been under the physician's care since June 20, 2007 and would remain off work until July 3, 2007. *Id.* at 5, *Exhibit 7.* Plaintiff's contention that he believed that the June 29 note, omitting any reference to his medical condition, was sufficient to show his entitlement to leave time is implausible given his experience in applying for FMLA leave on prior occasions, his former position as union president, and the fact that he took classes in FMLA law. *Defendant's Exhibit 19,* Plaintiff's Dep. I.

Moreover, even accepting Plaintiff's argument that the first request for medical documentation was ambiguous, the deficiencies of the June 29 note are irrelevant to the fact that Defendant was entitled to reject his "supplemental" July 23, 2007 submission. Plaintiff asserts that his July 24 termination was precipitated by his July 23, 2007 submission of the documentation showing "his entitlement" to FMLA leave. To the contrary, by July 23, Plaintiff had blown the last in a series of deadlines imposed for proof of his leave entitlement, and as such he was terminated under the terms of the CBA for unexcused absences. Pursuant to 29 C.F.R. § 825.312(b) "[i]f an employee fails to provide in a timely manner a requested medical certification to substantiate the need for FMLA leave due to a serious health condition, an employer may delay continuation of the FMLA leave until an employee submits the certificate." "Where an employee's leave is 'delayed,' the subsequent absences are not excused. . . ." *Ridings* 537 F.3d at 770. Because Plaintiff failed

to meet the July 20 deadline, Defendant was entitled to deem his absences from June 20 forward as a string of unexcused absences.

Further, Plaintiff does not supply plausible reasons for the fact that he was unable to provide the documentation (a six-sentence letter) by the July 5 deadline or the revised deadline of July 20. While Plaintiff accuses Awrey of setting "arbitrary" deadlines for the production of documentation, Whitfield's revised deadline (June 29 letter/July 20 final deadline) granted Plaintiff more time than the 15 days allotted by the applicable regulations to establish his condition. 29 C.F.R. § 825.305. Moreover, his claim that he was unable to provide any proof of his condition earlier because Dr. Bragman was "revising" the document is belied by the fact that the document is dated July 6 and does not refer to his condition after July 17. *Plaintiff's Exhibit 14.* The letter states that Plaintiff was capable of returning to work as of July 17 but offers no explanation why Plaintiff would have been unable to work after July 17. Although Plaintiff asserts that the dates amount to "typos," he failed to timely present any correcting documentation. Because as of July 24, Plaintiff had not complied with either the substantive or procedural requirements for obtaining FMLA leave, Defendant was within its rights to deny leave, and instead, treat the month-plus string of absences as a series of no call/no shows justifying his termination.

### IV. CONCLUSION

For these reasons, I recommend that Defendant's motion [Doc. #52] be GRANTED, dismissing the case WITH PREJUDICE. I recommend further that Plaintiff's motion [Doc. #53] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).

-10-

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  August 31, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 31, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 31, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217