UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS WISEMAN,

       Plaintiff,         Case No.  08-11879
                                  HON. BERNARD A. FRIEDMAN
                                  MAGISTRATE JUDGE R. STEVEN WHALEN
v.

AWREY BAKERIES,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE WHALEN'S AUGUST 31, 2011 REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.**      **Introduction**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("R and R") dated August 31, 2011, recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff filed an objection to the R and R, and Defendant did not file a response to Plaintiff's objection.

This Court has had an opportunity to fully review this matter and the parties' filings, and believes that the Magistrate Judge has reached the correct conclusions for the proper reasons. The Court hereby adopts pages 1-5 of the R and R, comprising the procedural and factual history of this matter, as though restated herein.

1

**II.     Analysis**

The only remaining claim before this Court is for violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") by Defendant Awrey Bakeries ("Defendant" or "Awrey").    The R and R found that Plaintiff failed to comply with both the substantive and the procedural requirements for obtaining FMLA leave, and therefore Defendant acted legally in denying FMLA leave to Plaintiff and treating Plaintiff's absences as unexcused absences, justifying Plaintiff's termination.

Plaintiff's objection constitutes a numbered list of twelve comments on his case, without any citation to the record.  Overly broad objections do not satisfy the objections requirement of Fed. R. Civ. P. 72(b)(2) or E.D.Mich. L.R. 72.1(D)(1).  Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). Vague objections which do not relate to specific findings by the Magistrate Judge do not merit review, and a court is not required to address such vague objections. Id.  Therefore, the Court will address only those objections that regard specific findings by Magistrate Judge Whalen.

Plaintiff objects to the finding in the R and R that he was obligated to produce timely proof of his condition warranting FMLA leave.  Sentence six of Plaintiff's objection states that "Magistrate Whalen's Report and Recommendation shifts the burden pursuant to 29 C.F.R. § 825.301(a) to Plaintiff, imposing a duty on the employee to provide documentation not yet requested by the employer, based on Plaintiff's perceived degree of knowledge of the FMLA process."   Essentially, Plaintiff seems to argue that 1) the R and R placed too high of a burden on Plaintiff to produce timely proof of his medical condition; and 2) the R and R improperly concluded that Plaintiff had extensive knowledge of the FMLA process.

The FMLA clearly imposes duties on both the employer and the employee. Section 825.301, to which Plaintiff cites in his objection, includes both "employer responsibilities," and "employee responsibilities," directing:

> **(a) Employer responsibilities.** The employer's decision to designate leave as FMLA-qualifying must be based only on information received from the employee or the employee's spokesperson . . . In any circumstance where the employer does not have sufficient information about the reason for an employee's use of leave, the employer should inquire further of the employee or the spokesperson to ascertain whether leave is potentially FMLA-qualifying. Once the employer has acquired knowledge that the leave is being taken for a FMLA-qualifying reason, the employer must notify the employee as provided in § 825.300(d).
>
> **(b) Employee responsibilities.** An employee giving notice of the need for FMLA leave does not need to expressly assert rights under the Act or even mention the FMLA to meet his or her obligation to provide notice, though the employee would need to state a qualifying reason for the needed leave and otherwise satisfy the notice requirements set forth in § 825.302 or § 825.303 depending on whether the need for leave is foreseeable or unforeseeable. An employee giving notice of the need for FMLA leave must explain the reasons for the needed leave so as to allow the employer to determine whether the leave qualifies under the Act. If the employee fails to explain the reasons, leave may be denied. In many cases, in explaining the reasons for a request to use leave, especially when the need for the leave was unexpected or unforeseen, an employee will provide sufficient information for the employer to designate the leave as FMLA leave . . .

29 C.F.R. § 825.301

The employee clearly has a statutory obligation to provide timely and sufficient explanation to the employer regarding the reason its leave is necessary. Accordingly, the finding in the R and R that Plaintiff was obligated to provide timely proof of the reason for his leave to Defendant is not improper.

Further, while the R and R makes mention of Plaintiff's knowledge regarding FMLA procedures, such knowledge does not impact the ultimate recommendation. Ultimately, Plaintiff was granted more time than that required by the applicable regulations to submit documentation

of his need for FMLA leave, and still failed to do so. In addition, when Plaintiff did submit a letter from his doctor, the letter did not offer any substantive explanation of why Plaintiff could not return to work. Regardless of whether Plaintiff was expected to have knowledge of FMLA procedures, Plaintiff failed to provide timely proof of his condition, and failed to comply with both the substantive and procedural requirements for obtaining FMLA leave. The suggestion in the R and R that Plaintiff should have better understood his obligations under the FMLA does not impact these conclusions.

### III.    Order

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge R. Steven Whalen's Report and Recommendation dated August 31, 2011, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.


Dated: September 19, 2011          S/Bernard A. Friedman___
       Detroit, Michigan           BERNARD A. FRIEDMAN
                                   UNITED STATES DISTRICT JUDGE